IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BRET OSBORN** § | |
| § | |
| § | **CIVIL NO. 6:23-cv-38** |
| **VS.** § | **JURY DEMANDED** |
| § | |
| § | |
| **COMPUTER DATA SOURCE, LLC** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Bret Osborn ("Osborn" or "Plaintiff") complaining of Defendant Computer Data Source, LLC ("CDS" or "Defendant") and would respectfully show:

### I. PARTIES

1. Plaintiff Bret Osborn is a citizen of Texas as well as the United States and has been domiciled at all material times in Smith County, Texas.

2. Defendant Computer Data Source, LLC is a New Jersey limited liability company formerly licensed to do business in Texas. Defendant's main offices are located at 275 Industrial Way West, Eatontown, New Jersey 07724. Defendant is a computer data infrastructure provider for which Plaintiff was employed as a salesman.

3. Defendant Computer Data Source, LLC will be served by and through its registered agent for service, CT Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### II. JURISDICTION

4. There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). Jurisdiction in this judicial district therefore exists pursuant to 28 U.S.C. § 1332(a)(1).

### III. VENUE

5. A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Texas. Venue in this judicial district is therefore proper pursuant to 28 U.S.C. § 1391.

### IV. FACTS

6. Defendant, CDS claims to be the world's leading digital infrastructure provider. Plaintiff Osborn was employed by Defendant to sell its products and services pursuant to the CDS Sales Compensation Plan attached hereto as Exhibit A.

7. On September 2, 2022, Osborn received a letter from Defendant outlining his separation from the company. See: Exhibit B.

8. At the time of his termination, Osborn was owed over $75,000 in earned commissions.

9. By letter dated October 17, 2022, the undersigned attorney for Plaintiff, presented a letter of representation to which there was no response.

### V. CAUSES OF ACTION

#### Count One – Breach of Contract Claim

10. Osborn re-alleges and incorporates by reference all allegations set forth in paragraphs 1 to 9, inclusive.

11. The agreement to pay Plaintiff commission of each sale constitutes a valid and enforceable contract. Plaintiff fully performed all terms and conditions of that agreement. CDS breached the contract by refusing to pay Plaintiff the monies owed to him. As a result of CDS's breach, Plaintiff has lost compensation.

### Count Two – Quantum Meriut

12. Plaintiff re-alleges and incorporates by reference all allegations set forth in paragraphs 1 to 11, inclusive.

13. In the alternative to Plaintiff's breach of contract claim, he brings a cause of action in quantum meruit for the reasonable value of his services to CDS.

14. Throughout his employment with CDS, Plaintiff rendered valuable services as agreed for which he was entitled to commissions. Plaintiff's services conferred valuable benefits which substantially increased CDS's revenue, and which were accepted by the company. Plaintiff reasonably expected payment for his services since CDS had promised and assured him that he would receive commissions on each sale.

### VI.    DAMAGES

15. Plaintiff adopts paragraphs 1-14 by reference.

16. As a proximate cause of the foregoing conduct, Plaintiff, Osborn has suffered monetary damages. Osborn also seeks to recover pre-judgment and post-judgment interest, as well as court costs.

17. As a result of Defendant's breach, Plaintiff's retained counsel. Plaintiff seeks to recover all reasonable and necessary attorney's fees under the Texas Civil Practice and Remedies Code, §§38.001 et. seq., which include the following:

   1)   investigation, preparation, and trial of this lawsuit;
   2)   post-trial, pre-appeal legal services;
   3)   legal fees if Defendant unsuccessfully prosecutes a direct or restricted appeal to the Court of Appeals; and
   4)   post-judgment discovery and collection in event execution on judgment is necessary.

## JURY DEMAND

18. Plaintiff requests that all ultimate fact issues be submitted to a jury for determination. He has tendered the jury fee.

## VII. PRAYER FOR JUDGMENT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that the Court sign a final judgment against Defendant and award Plaintiff the following:

a. Actual damages within the jurisdictional limits of this Court; and for past and future lost earnings and lost earning capacity for Plaintiff;
b. Pre and post-judgment interest at the maximum rate allowed by law;
c. Court costs; and
d. All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF