IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRET OSBORN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:23-cv-38-JDK |
| | § | |
| COMPUTER DATA SOURCE, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

This Court is "duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *Robinson v. Beaumont Bone & Joint Inst.*, 2010 WL 5644820, at *1 (E.D. Tex. Dec. 22, 2010) ("Federal trial courts, moreover, *must* raise lack of subject-matter jurisdiction on their own motions whenever the issue becomes apparent."). For almost two months now, the Court has sought sufficient information to determine whether subject matter jurisdiction exists over this case based on diversity. Despite several requests, the parties have provided neither sufficient information to determine diversity of the parties nor a plan to locate the necessary information.

Plaintiff Bret Osborn has sufficiently alleged that he is a citizen of the United States and a citizen of Texas for purposes of § 1332. Docket No. 1 at 1; Docket No. 16 at 1.

The citizenship of Defendant Computer Data Source, LLC remains unknown. As previously noted, "[t]he citizenship of an LLC is determined by the citizenship of each of its members." *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019) (citing *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). Further, the "citizenship of an unincorporated association must be traced through each layer of the association, however many there may be." *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F.Supp.2d 760, 766 (S.D. Tex. 2007).

The parties state that Computer Data Source, LLC has a single member, Computer Data Source Acquisition, LLC. Docket No. 16 at 1. Computer Data Source Acquisition, LLC, in turn, has nine members, including a corporation, several natural persons, and several additional LLCs. The parties acknowledge that the identity and citizenship of the members and partners of several of these upstream associations are unknown. Docket No. 20. Because the citizenship of these upstream associations is unknown, the Court cannot determine the citizenship of Defendant Computer Data Source, LLC.

The parties have had several opportunities to aid the Court in determining the citizenship of the parties sufficient to satisfy jurisdiction. *First*, it was Plaintiff's burden to provide allegations sufficient to demonstrate jurisdiction. *E.g.*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). He did not. *See* Docket No. 1 at 1. *Second*, in its Order Governing Proceedings, the Court directed the parties to provide "a statement identifying the citizenship of each party to the suit in sufficient detail to

support [diversity] jurisdiction." Docket No. 8 at 2. They did not. *See* Docket No. 11 at 1. *Third*, on April 25, 2023, the Court ordered the parties to file a notice identifying the citizenship of each party in sufficient detail to support the requirements of diversity jurisdiction. Docket No. 13. Again, they did not. *See* Docket No. 16. *Finally*, the Court issued a second order requiring a notice "either alleging sufficient facts to demonstrate diversity jurisdiction or providing a plan and timeline for how they intend to determine the citizenship of Defendant Computer Data Source, LLC." Docket No. 17. The parties still failed to adequately respond. *See* Docket No. 20.

There remains insufficient information in the record for the Court to determine whether subject matter jurisdiction exists over this case. Accordingly, the Court must dismiss this case. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

The Court therefore **DISMISSES** this case without prejudice for lack of subject matter jurisdiction. All pending motions are **DENIED** as moot. The Clerk of Court is instructed to close this case.

**Signed this**

**Jun 14, 2023**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE